BORST

*v.*

NELSON *et al.*

*(Supreme Court of Appeals of Virginia, April 18, 1895.)*

**Review on Appeal—Weight of Evidence.**

On an issue as to the price at which land was sold at commissioners' sale, the finding of the lower court will not be disturbed, if sustained by the evidence.

Appeal from circuit court, Culpeper county.

Lucy J. Borst appeals from a decree against her, and in favor of Lewis P. Nelson.    Affirmed.

*J. C. Gibson,* for appellant.

*G. D. Gray,* for appellee.

HARRISON, J., delivered the opinion of the court.

This is a controversy about the price agreed to be paid for a tract of land bought at a commissioners' sale.

On the 3d day of March, 1891, Lucy J. Borst filed her bill in the circuit court of Culpeper county, making A. McD. Green and George D. Gray commissioners of the circuit court of Culpeper, and Lewis P. Nelson, parties defendant thereto. She alleges that on the 31st day of October, 1885, she became the purchaser of a tract of land in the county of Culpeper, containing 431 acres, sold on that day by A. McD. Green and George D. Gray, commissioners in the cause of Nelson v. Taylor ; that through her husband she bid for said land $8.50

per acre, and it was knocked down to her at that price ; that she was not prepared to make the cash payment, which was one-third of the purchase money, on the day of the sale, and executed her three bonds in equal amounts, at one, two, and three years, for the whole purchase money, and afterwards paid the commissioners $1,100, to be credited on her first bond, which represented the cash payment. She further alleges that this purchase was reported to the circuit court of Culpeper county in the cause of Nelson v. Taylor, and a decree entered confirming the sale to her ; that various sums were afterwards paid at different times to Green, the acting commissioner, on her said bonds ; that the property was advertised for sale for default in the payment of her purchase money ; that the commissioners were demanding more as a balance on the land then complainant owned ; and praying for an injunction to restrain the commissioners from selling, and for an account to ascertain the true amount due on said land. The injunction was granted, and the cause referred to a master. The defendant A. McD. Green, who had been the active commissioner, making the sale, filed his answer, stating that the land was sold as 432 acres, denies that it was bought by Mrs. Borst at $8.50 per acre ; and states that C. M. Borst, the husband of the plaintiff, had some time before become the purchaser of the property in question, at a judicial sale under a decree in Nelson v. Taylor, and that at the time of Mrs. Borst's purchase it was being resold for default in the payment of the purchase money due from said C. M. Borst ; that the understanding and agreement was that the land should be knocked out to the plaintiff, Lucy J. Borst, at $11.02½ per acre,—a sum sufficient to cover the amount her husband then owed on the land, which was at that time $4,763.09 ; that the $1,100 paid by Mrs. Borst, though not one-third of the purchase money, as required by the decree, was accepted by the commissioner as the cash payment, and three bonds given by the plaintiff for the residue, each for the sum of $1,221.03, payable in one, two, and three years, with interest from date.

This is a sufficient statement of the allegations of the bill and answer to bring out the point at issue in this case, which is briefly this : Did the appellant agree to pay for the land in question $8.50 per acre, as charged in her bill, or did she agree to pay $11.02½ per acre, which was the amount necessary to cover the balance then due on the land from her husband, as stated in the answer of the commissioners ? After all the evidence had been taken, the parties waived the incoming of the master's report, and submitted the whole question of law and fact to the court. On the 19th day of September, 1891, the circuit court entered a final decree, holding that the price agreed to be paid for the land was that claimed by the commissioner, and that the balance due was $3,279.05, as of March, 1891. It is this decree we are now asked to review.

The appellant assigns no error of law in her petition, but insists that, upon the evidence, she was entitled to a decree.

We find, after a very careful consideration of the evidence, that it sustains the view taken of the case by the circuit court. All the record evidence clearly shows that the land was sold for $4,763.09. There is some conflict in the testimony of the witnesses examined in the case. We deem it unnecessary, however, to review this evidence; for, if the decision of the question at issue depended alone upon the weight to be attached to the testimony of these witnesses, we would be unable to say that the court below had reached an erroneous conclusion.

For the foregoing reasons, we think there is no error in the decree complained of, and it is affirmed.